UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN REAMES | CIVIL ACTION |
| VERSUS | NO. 08-4037 |
| WARDEN LYNN COOPER | SECTION "I"(3) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.  STATE COURT PROCEDURAL BACKGROUND

The petitioner, Steven Reames, is incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2] On November 5, 2003, Reames was indicted in St. Charles Parish for three counts of aggravated rape of his daughter, S.R., by performing anal intercourse and oral sex upon her while she was under the age of 12.[3]

Pursuant to a plea agreement with the State, on December 7, 2005, Reames entered a plea of guilty to three counts of forcible rape.[4] After waiver of legal delays, he was sentenced to 25 years in prison on each count to run concurrently.[5] He also signed and filed a Notification of Registration Requirement which was provided to him in open court before the plea was accepted.[6] Reames' conviction became final thirty days later, January 6, 2006, because he did not file a written notice of appeal or seek further reconsideration of his sentence.[7] See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914).

---

[2] Rec. Doc. No. 5.

[3] St. Rec. Vol. 1, Indictment, 11/5/03.

[4] St. Rec. Vol. 1, Guilty Plea and Sentence, 12/7/05; Sentencing Transcript, pp. 3-5, 12/7/05; Docket Sheet Entry, 12/7/05. The State erred in its brief by indicating that the plea and sentencing occurred in 2006.

[5] St. Rec. Vol. 1, Guilty Plea and Sentence, 12/7/05; Sentencing Transcript, p. 8-9, 12/7/05; Docket Sheet Entry, 12/7/05; Docket Sheet Entry, 4/27/06.

[6] St. Rec. Vol. 1, Guilty Plea and Sentence, 12/7/05, Notification of Registration Requirements, 12/7/05; Sentencing Transcript, pp. 4, 8, 12/7/05; Docket Sheet Entry, 12/7/05.

[7] Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within 30 days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence.

On December 5, 2006, Reames signed and submitted an application for post-conviction relief to the state trial court.[8] Reames argued that the court failed to adequately inform him of the sex offender registration requirements and that the requirements would effectively add 10 years to his sentence in breach of the plea agreement. On May 8, 2007, the state trial court denied the application because the record showed that Reames was adequately informed of the registration requirements as required by state law.[9]

The Louisiana Fifth Circuit also denied Reames' subsequent writ application, on July 26, 2007, finding that the record established that he received adequate notice.[10] On May 30, 2008, the Louisiana Supreme Court denied without reasons Reames' subsequent writ application.[11]

II.     FEDERAL HABEAS PETITION

On August 30, 2008, the clerk of court filed Reames petition for federal habeas corpus relief in which he alleged that the state trial court failed to adequately inform him of Louisiana's sex offender registration requirements and that those requirements essentially extended his sentence by 10 years in violation of his plea agreement.[12] The State filed a response in opposition to the petition alleging that Reames' claim is without merit.[13]

---

[8]St. Rec. Vol. 1, Uniform Application for Post-Conviction Relief, signed 12/5/06. The application itself does not have a file stamp date. Pursuant to the applicable mailbox rules, the Court considers the signature date to be the earliest date on which it could have been given to prison officials to be mailed to the state trial court.

[9]St. Rec. Vol. 1, Trial Court Order, 5/8/07.

[10]St. Rec. Vol. 1, 5th Cir. Order, 07-KH-468, 7/26/07.

[11]State ex rel. Reames v. State, 983 So.2d 890 (La. 2008).

[12]Rec. Doc. No. 5, p. 14.

[13]Rec. Doc. No. 7.

III.     GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[14] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Reames' petition, which, for reasons discussed below, is deemed filed in this federal court on June 25, 2008.[15]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In spite of the Court's order to do so, the State failed to address exhaustion, timeliness, or any other procedural defense in its responsive pleading. Nevertheless, the record reflects that Reames' has exhausted state court remedies and that his petition is timely filed. The

---

[14] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[15] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Reames' petition was filed by the clerk of court on July 30, 2008, when the filing fee was paid. Reames' dated his signature on the petition on July 21, 2008. However, the pleading was actually post-marked to this Court on June 25, 2008, and tendered for filing by the clerk of court on June 27, 2008. Both dates are several weeks before Reames' signature date. Affording Reames every benefit, the Court will consider June 25, 2008, to be the earliest date on which he could have delivered the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002) (mailbox rule applies even if inmate did not pay the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

Court's review of the record does not reveal a procedural bar to review of the merits of Reames' claim.

IV. STANDARDS OF MERITS REVIEW

Amended 28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings. Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485. The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a

5

federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Penry, 532 U.S. at 792-93; Hill, 210 F.3d at 485. "'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone, 535 U.S. 685, 699 (2002). Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert. denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

V. INVOLUNTARY GUILTY PLEA

Reames alleges that the state trial court failed to adequately inform him of the sex offender registration requirements and that the impact of those requirements is to effectively add 10 years to his sentence in breach of his plea agreement. Reames claims that, under Louisiana law, he must wait 10 years after completion of the 25 year concurrent sentences before he is able to apply for a first offender pardon under Louisiana law. He further claims that this acts as an extension of the 25 year sentence recommended by the prosecutor under the plea agreement. This, he claims, renders his plea involuntary.

6

Reames raised this claim in his state application for post-conviction relief, which was denied by the state trial court as unsupported by the record.[16] In the last reasoned decision on the issue, the Louisiana Fifth Circuit also found that the record demonstrated that Reames received adequate notice and signed the notification of the registration requirements at the time of the plea.[17] The Louisiana Supreme Court denied Reames' subsequent writ application and is presumed to have relied upon the same grounds as the Louisiana Fifth Circuit's reasoned opinion.[18] Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991).

As an antecedent to his main claim, Reames suggests that he did not receive adequate notice from the state trial court about the sex offender registration requirements. Specifically, he argues that the state trial court failed to properly advise him, or comply with Louisiana's notice requirements, with respect to the sex offender registration laws before accepting his plea. As a general principle, a federal court "may not sit as a 'super state Supreme Court' to review errors under state law . . ." Hogue v. Scott, 874 F. Supp. 1486, 1533 (N.D. Tex. 1994) (citing Whittington v. Estelle, 704 F.2d 1418, 1422 (5th Cir. 1983)). The state courts' failure to comply with its own rules is not cognizable on federal habeas review.

Instead, the federal court's analysis on habeas review focuses on due process considerations, and due process requires that the court grant the writ only when the errors of the state court make the underlying proceeding fundamentally unfair in violation of principles of due process. Neyland v. Blackburn, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing McAffee v. Procunier, 761 F.2d 1124,

---

[16]St. Rec. Vol. 1, Trial Court Order, 5/8/07.

[17]St. Rec. Vol. 1, 5th Cir. Order, 07-KH-468, 7/26/07.

[18]State ex rel. Reames, 983 So.2d at 890.

7

1126 (5th Cir. 1985); Lane v. Jones, 626 F.2d 1296 (5th Cir. 1980)). Reames has not demonstrated that the state court erred nor does his claim of inadequate notice reach the level of a due process violation.

Federal law requires only that a defendant receive notice of the direct consequences of a guilty plea; the Constitution does not require that a defendant be made aware of every consequence that can occur. See United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000). For due process purposes, the consequences of a guilty plea means only that the defendant must know the maximum prison term and fine for the offense charged. Duke v. Cockrell, 292 F.3d 414, 417 (5th Cir. 2002). The record reflects that the state trial court advised Reames of these direct consequences.[19]

Furthermore, the United States Supreme Court has held that state sex offender registration laws are not penal in nature and therefore are not direct consequences of the guilty plea. See Smith v. Doe, 538 U.S. 84, 93-94 (2003). The state sex offender registration and reporting requirements are collateral non-punitive consequences of a defendant's plea to the offense charged. Moore v. Avoyelles Corr. Center, 253 F.3d 870 (5th Cir.), cert. denied, 534 U.S. 1008 (2001); State ex rel. Olivieri v. State, 779 So.2d 735 (La. 2001). The state trial court, therefore, was not required under the Constitution or federal law to advise Reames of the sex offender registration laws, much less the extended details of the registration process itself. Accord Richard v. Rogers, 555 F. Supp.2d 652, 659 (M.D. La. 2008) (plea was not rendered involuntary when sex offender registration laws applied to petitioner, even when petitioner expressed at his plea colloquy that his determination to plead guilty to a reduced charge was based, in part, on the absence of reporting requirements). Reames is not entitled to federal habeas relief on this facet of his claim.

---

[19]St. Rec. Vol. 1, Sentencing Transcript, pp. 4-8, 12/7/05.

The true crux of Reames claim focuses on the impact of the sex offender registration requirements on his sentence. Reames argues that, as a result of Louisiana's sex offender registration laws, he will have to wait 10 years after completion of his 25 year sentence to apply for a first offender pardon. This delay, he claims, effectively extends his sentence, amounts to a breach of his plea agreement, and renders his plea involuntary.[20]

The first offender pardon referred to by Reames is provided for under Louisiana law. Louisiana Constitution Article 4, §5 provides that "a first offender convicted of a non-violent crime, or convicted of aggravated battery, second degree battery, aggravated assault, mingling harmful substances, aggravated criminal damage to property, purse snatching, extortion, or illegal use of weapons or dangerous instrumentalities never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor." This automatic pardon is also codified at La. Rev. Stat. Ann. § 15:572(B)(1): "A first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence without a recommendation of the Board of Pardons and without action by the governor."

The Louisiana courts require that, in order to qualify for this automatic first offender pardon, a convicted felon must prove the following: (1) the current conviction was for a non-violent crime or was one specifically enumerated in the La. Const. Art. 4 §5; (2) the defendant has never been previously convicted of a felony; and (3) the defendant has completed his sentence. It is questionable whether Reames qualifies for this pardon. See State v. Moore, 847 So.2d 53, 60 (La.

---

[20]The voluntariness of a plea is a mixed question of law and fact. Parke v. Raley, 506 U.S. 20, 35 (1993) (citing Marshall v. Lonberger, 459 U.S. 422, 431-32 (1983)). Thus, this Court must determine whether the state courts' denial of relief on this facet of Reames claim was contrary to or involved an unreasonable application of Supreme Court precedent.

9

App. 3d Cir. 2003). Although he may have no prior felony convictions, the current conviction is for three counts of forcible rape. Forcible rape is designated by Louisiana law to be a violent crime which is excluded from the automatic pardon. La. Rev. Stat. Ann. § 14:2(B)(10); La. Rev. Stat. Ann. § 15:541(2)(b). This would seem to disqualify Reames from those first offenders entitled to the pardon.

Nevertheless, another requirement for attaining this pardon under Louisiana law is found at La. Rev. Stat. Ann. §15:572(B)(2), which provides as follows:

> No person convicted of a sex offense as defined in R.S. 15:541 or determined to be a sexually violent predator or a child predator under the provisions of R.S. 15:542.1 et seq. shall be exempt from the registration requirements of R.S. 15:542.1 et seq., as a result of a pardon under the provisions of this Subsection.

It is with this provision that Reames takes exception because the compliance will delay his ability to apply for the pardon. Reames alleges in his federal petition that he should have been advised that, under state law, he would have to complete the 10 year registration requirement before he could apply for this pardon. See State v. Moore, 847 So.2d at 60 (convicted sex offender must comply with the ten year registration provision before he can obtain an automatic first offender pardon). This, he argues, effectively extended the sentence he was promised and has rendered his plea involuntary.

A guilty plea will be upheld on habeas review if it was entered into knowingly, voluntarily and intelligently. Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000) (citing James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995) and Brady v. United States, 397 U.S. 742 (1970)). In this case, Reames relies upon a Supreme Court decision Santebello v. New York, 404 U.S. 257 (1971), to imply that his plea was rendered involuntary because he was not advised by the state trial court of

the full extent of the sex offender registration requirements which have effectively extended the length of his sentence.

In Santebello, the Supreme Court held that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santebello, 404 U.S. at 262. In Santebello, the petitioner negotiated for a particular plea to secure the dismissal of more serious charges and upon the condition that no sentence recommendation would be made by the prosecutor. The prosecution later inadvertently made a sentence recommendation to the court. Although the sentencing judge attested that the recommendation did not influence the sentence, the Supreme Court resolved that the inadvertent error was no less than a breach of the promise made to induce the plea.

Consistent with Santebello, the United States Fifth Circuit has noted that, "when a defendant pleads guilty on the basis of a promise by his defense attorney or the prosecutor, whether or not such promise is fulfillable, breach of that promise taints the voluntariness of his plea." McKenzie v. Wainwright, 632 F.2d 649, 651 (5th Cir. 1980). To establish that a breach of a plea agreement has occurred, a petitioner must prove: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise. Hayes v. Maggio, 699 F.2d 198, 203 (5th Cir. 1983).

In this case, the record reflects that Reames entered the plea with knowledge that he was not exempt from the state sex offender registration requirements. At the plea and sentencing hearing, Reames counsel advised the Court that Reames desired to tender a plea of guilty to three counts of

forcible rape.[21] The State advised the Court that it had no plan to amend the indictment to a lesser charge.[22] Instead, the State indicated that, if Reames tendered a guilty plea, it would recommend a sentence of 25 years on each count.[23] Furthermore, Reames' counsel, not the State, explained the plea parameters to the Court:[24]

> . . . At this time, your Honor, the defendant is going to tender a plea of three counts of forcible rape through the Bill of Indictment which charges him with three counts of aggravated rape.
> It is my understanding that the State has no objection with him tendering of [sic] that plea to a forcible rape. And in connection with that, the State is going to recommend a twenty-five year sentence with the Department of Corrections . . .

During the colloquy, one of the defense attorneys advised the Court that they had discussed with Reames both the guilty plea and sentence form and the notification for registration requirements under the sexual offender statute.[25] The forms were signed and placed into the record.[26]

The guilty plea and sentence form, signed by Reames in open court, reflects that, for the charge of forcible rape, he faced a maximum of 40 years and a minimum of five years on each count, with the first two years to be served without benefit of parole, probation, or suspension of sentence.[27] The form also indicates a sentence recommendation of 25 years per count and that the district

---

[21]St. Rec. Vol. 1, Sentencing Transcript, p. 3, 12/7/05.

[22]Id., pp. 3-4.

[23]Id.

[24]State Record Volume 1, Sentencing Transcript, p. 4, December 7, 2005.

[25]Id., p. 4.

[26]Id.; see also, St. Rec. Vol. 1, Guilty Plea and Sentence, 12/7/05; Notification of Registration Requirements, 12/7/05.

[27]St. Rec. Vol. 1, Guilty Plea and Sentence, 12/7/05.

attorney invoked the section which read, "in sex offender cases, comply with the notice provisions of C.Cr.P. 895(H) (to be explained by officer or court.)"[28] Reames also signed, in open court, the Notification of Registration Requirements which set forth the provisions of La. Rev. Stat. Ann. § 15:542, Louisiana's sex offender registration statute.

These documents, together with Reames' oral responses to the trial court's questions, indicate that Reames was made aware that he was subject to the registration requirements and he discussed the documents with his counsel. These "[s]olemn declarations in open court carry a strong presumption of verity," and constitute a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Montoya, 226 F.3d at 406.

The record contains no mention of or indicia of reliance upon the possibility of obtaining a pardon someday. Reames was indicted for the aggravated rape on three occasions of his daughter, who was under the age of 12. At the time, each of these charges was punishable by death or life imprisonment.[29] Reames tendered a plea of guilty to escape these more serious penalties in exchange for a recommendation, not a promise, that he would receive a 25 year sentence on each count. Reames in fact received that sentence and he was relieved of the burden of answering to the more serious charges and life imprisonment.

The state court record does not demonstrate that the prosecution or the state trial court induced Reames to plead with a promise or expectation of a pardon, the promise of a pardon in 25 years as opposed to 35 years, or for exemption from the registration requirements. Reames did not question the availability of a first offender pardon or voice a concern about any other provision of

---

[28]Id. La. Code Crim. P. art. 895(H) provides the parameters of probation for sex offenders.

[29]La. Rev. Stat. Ann. § 14:42(D). The death penalty provision was deemed unconstitutional by the Supreme Court in Kennedy v. Louisiana, 128 S. Ct. 2641 (2008).

the sex offender registration requirements at the sentencing hearing. Reames can not now seek relief from his guilty plea based on the breach of a promise that never existed.

As noted above, the federal courts consider the state sex offender registration requirements to be non-punitive, and therefore, not a part or extension of the imprisonment. See Virsnieks v. Smith, 521 F.3d 707 (7th Cir. 2008) (recognizing that sex offender registration requirements are not a form of custody). Federal law did not require that Reames be advised of the full impact of the sex offender registration laws. The failure to do so, and the effects of those laws on his pursuit of a pardon to which he may not be entitled, does not render his plea involuntary. The state courts' denial of relief on this claim was not contrary to, or an unreasonable application of, Supreme Court precedent. He is not entitled to relief on this claim.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Steven Reames for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 26th day of February, 2009.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE